## W. B. BURMEISTER v. FARMERS' & MERCHANTS' BANK OF FOLEY.

1 Div. 782.

Supreme Court of Alabama.

Dec. 21, 1933.

John N. Allen and Harry T. Smith & Caffey, all of Mobile, for appellant.

Lloyd A. Magney, of Foley, for appellee.

ANDERSON, Chief Justice.

It is manifest, both from the bill of complaint and the answer, that the bulbs, producing or developing into the flowers in question, were claimed by and in the possession of Krahe when he executed the mortgage in the name of the Premier Floral Company to the appellee bank December 12, 1931. There is no specific mention in the mortgage of bulbs, but it does purport to convey all crops on the Cooney Place or to be raised each successive year until the debt is paid in full. The mortgage also purports to convey all personal property of every kind. If the bulbs were out of the ground, and not a growing crop, they would probably be personal property and covered by the mortgage. But the bill does not seem to be after bulbs, but to acquire and preserve a crop of flowers grown during the year 1933. So the question is, not who owned the bulbs, but who owned or grew the crop of flowers for the year 1933? If the complainant owned the bulbs, and they were converted by the respondent, he would no doubt be liable in an action at law. But, regardless of the original ownership of the bulbs, the question is: Did the complainant's mortgage cover the crop for the year 1933? The crop for the year 1933 was not produced by the mortgagor and, in fact, was not grown until after the complainant foreclosed its mortgage.

We also think that the amended bill and answer negative the fact that the crop of flowers in question was grown by the respondent as the agent of or for the mortgagor or the complainant. Indeed, the bill avers "that said bulbs are planted in ground owned neither by Complainant nor Respondent but rented by the Respondent."

The trial court erred in not dissolving the injunction and not vacating the order appointing the receiver, and the decree of the circuit court is reversed, and one is here rendered dissolving the injunction and vacating the appointment of a receiver, and the cause is remanded.

Reversed, rendered, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.

## Ex parte Will BUTLER.

6 Div. 455.

Supreme Court of Alabama.

Dec. 1, 1933.

Earl McBee, of Birmingham, for petitioner.

PER CURIAM.

Dismissed by petitioner.

## CENTRAL OF GEORGIA R. CO. et al. v. STATE of Alabama.

3 Div. 73.

Supreme Court of Alabama.

Dec. 21, 1933.

PER CURIAM.

Appeal dismissed by appellants.

## F. A. CHACE et al. v. C. V. PATTERSON.

3 Div. 61.

Supreme Court of Alabama.

May 8, 1934.

PER CURIAM.

Appeal dismissed for want of prosecution.